IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| AMANDA ALLISON<br>    *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:24-cv-00505-MAC |
| LAMAR UNIVERSITY, a member of the Texas State University System<br>    *Defendant*. | §<br>§<br>§<br>§ | |

**RULE 26(f) JOINT CONFERENCE REPORT AND SCHEDULING ORDER**

Pursuant to the Court's Order to Conduct Rule 26(f) Conference [Document 4] dated March 25, 2025, the parties provide the following information:

**1.    Factual and legal description of the case that sets forth the elements of each cause of action and each defense:**

**A.    Plaintiff:**

1.    <u>Factual Description</u>:

Plaintiff Amanda Allison taught space science at Lamar University from 2013 through the spring semester of 2024, first as a full-time adjunct, and then under a one-year term contract. A colleague made suggestive comments and sexual overtures toward her, which she rejected. The colleague then became department chair, putting him in a position of authority over Plaintiff. In that position, he not only continued making sexually harassing comments to Plaintiff, he retaliated against her for rebuffing his advances and for reporting his sexual harassment, which she did through Defendant's internal grievance process.

This retaliation took the form of unjustified accusations, and led to Plaintiff's non-renewal at the end of the 2023-2024 academic year. Along with denying Plaintiff a contract for fall 2024,

Defendant cancelled summer classes Plaintiff had been scheduled to teach, which were already filling with students, and canceled a summer camp she was also scheduled to teach, depriving her of the income associated with those courses and camp. The final act of retaliation was Defendant's inconsistent designation of Plaintiff's termination date, ending her employment as of May 31, 2024, but continually informing TRS that Plaintiff was employed through August 31, 2024, thereby cutting Plaintiff off from her TRS funds, while at the same time refusing to permit her to teach the summer classes and camp she had counted on for summer income. Plaintiff's factual allegations are set forth in more detail in her Original Complaint [Document 1].

    2.    <u>Elements of each cause of action</u>:

Plaintiff has brought a claims of (1) discrimination based on sex, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2(a)(1), and (2) retaliation for protected conduct, pursuant to Title VII, 42 U.S.C. § 2000e-3(a).

    <u>Discrimination based on sex</u>:

To state a claim for relief under Title VII for gender discrimination based on a theory of hostile work environment, a plaintiff must prove (1) that she belongs to a protected class, (2) that she was subject to unwelcome harassment, (3) that the harassment was based on sex, (4) that the harassment affected a term, condition or privilege of employment, and (5) that the employer knew or should have known about the harassment and failed to take prompt remedial action. *Nash v. Electrospace Sys., Inc.*, 9 F.3d 401, 403 (5th Cir. 1993).

Plaintiff may also demonstrate a prima facie case of discrimination based on sex by showing 1) she was a member of a protected class; 2) she was qualified for the position; 3) she was subject to an adverse employment decision; and 4) that a similarly situated employee outside of her protected group was treated more favorably. *See Watkins v. Tregre*, 997 F3d 275, 282 (5th

Cir. 2021). The burden on defendant then becomes one of production--not persuasion to state a nondiscriminatory reason with sufficient clarity to afford plaintiff a realistic opportunity to show how that reason is pretext. *Id*. If the defendant meets it burden, plaintiff must then produce substantial evidence that defendant's proffered reason is pretext for sex discrimination. *Id*. at 283. "Evidence is substantial enough if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *See Laxton v. Gap Inc*., 333 F.3d 572, 579 (5th Cir. 2003). "A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence." *Id*. at 278.

    <u>Retaliation</u>:

  A plaintiff may establish a prima facie case of retaliation by demonstrating that: 1) she participated in a Title VII protected activity; 2) she suffered an adverse employment action by her employer, and 3) there is a causal connection between the protected activity and the adverse action. *Stewart v. Miss. Transp. Comm'n*, 586 F3d. 321, 331 (5th Cir. 2009). If a plaintiff makes a prima facie showing, the burden shifts to the employer to articulate a legitimate non-retaliatory reason for its employment action. If the employer meets its burden, then plaintiff must prove that the employer's stated reason was pretext for the actual retaliatory reason. *Davis v. Dallas Indep. Sch. Dist*., 448 Fed. Appx. 485, 492 (5th Cir. 2011).

  An employee has engaged in a protected activity under Title VII if she has opposed an employment practice made unlawful under Title VII or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding under Title VII. *Id.*

  **B.**  **Defendant's Factual and Legal Contentions**:

Defendant denies Plaintiff's factual allegations.

Defendant contends that Plaintiff was not discriminated against, retaliated against, or subject to a hostile work environment in violation of Title VII of the Civil Rights Act.

Subject to further discovery, Defendant asserts that Plaintiff has failed to mitigate her damages, if any.

Defendant asserts that it exercised reasonable care to prevent and promptly correct harassing behavior, if any, and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

Defendant asserts that Plaintiff failed to exhaust her administrative remedies for all of her claims with the EEOC.

Defendant asserts it is entitled to the same actor inference.

Defendant had legitimate, non-discriminatory and nonretaliatory reasons for all employment actions affecting Plaintiff that she contends were unlawful.

Defendant's decisions and actions regarding Plaintiff were wholly appropriate and these same decisions and actions would have been taken regardless of any allegedly unlawful motives, including discrimination and retaliation.

Defendant asserts that Plaintiff's claims are subject to all applicable statutory caps and limitations.

Plaintiff's claims are barred to the extent she relies upon any acts, events, allegations, or claims that fall outside the applicable statute of limitations period or the 300-day period prior to her charge. 42 U.S.C.A. § 2000e-5.

Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

Defendant reserves the right to amend these defenses or raise additional defenses as they become known during the development of this case.

2. **The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented:**
The Rule 26(f) conference was held on April 17, 2025. Attendees and their parties are listed below:

    **For Plaintiff Amanda Allison**
    Stefanie Klein
    Hill Gilstrap, LLC
    1400 W. Abram Street
    Arlington, Texas 76013

    **For Defendant Lamar University**
    Joseph Keeney
    Assistant Attorney General
    Office of the Attorney General
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548

3. **List of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases:**
None.

4. **A completed Scheduling Order is submitted with this report.**
It includes the following proposed deadlines to (a) join additional parties; (b) file amended pleadings; (c) disclose expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b); (d) complete all discovery; (e) file motions, including motions to transfer, to remand, to exclude or limit expert testimony, to dismiss, and for summary judgment:

| | |
|---|---|
| Proposed Deadline for Parties to Exchange Initial Disclosures | May 8, 2025 |
| Proposed Deadline to Join New Parties | July 31, 2025 |
| Proposed Deadline to Amend Pleadings | November 7, 2025 |
| Proposed Deadline for Plaintiff's Expert Designation | January 31, 2026 |
| Proposed Deadline for Defendant's Expert Designation | March 2, 2026 |
| Proposed Deadline for Completing Fact and Expert Discovery | April 30, 2026 |
| Proposed Deadline for Filing Motions, including Motions to Transfer, to Remand, to Exclude or | June 30, 2026 |

| | |
|---|---|
| Limit Expert Testimony, to Dismiss, and for Summary Judgment | |
| Proposed Deadline to File Joint Pretrial Order | October 6, 2026 |
| Proposed Deadline to File Objections and Motions in Limine | October 13, 2026 |
| Proposed Deadline to file Responses to Objections | October 20, 2026 |

**5.     Suggested date for the Final Status Conference:**

November 6, 2026

**6.     Expected length of trial and whether it will be to a jury or the bench:**

The parties expect the trial to last 4 days. Plaintiff requested a jury trial.

**7.     Whether the parties jointly consent to trial before a magistrate judge:**

The Parties respectfully do not consent to trial before the United States Magistrate Judge.

Respectfully submitted,

**HILL GILSTRAP, P.C.**

*/s/ Stefanie M. Klein*
Frank Hill
Texas State Bar No. 09632000
fhill@hillgilstrap.com
Stefanie Klein
Texas Bar No. 11565650
sklein@hillgilstrap.com
1400 West Abram Street
Arlington, Texas 76013
(817) 261-2222 (Phone)
(817) 861-4685 (Fax)

**ATTORNEYS FOR PLAINTIFF AMANDA ALLISON**

AND

*/s/ Joseph Keeney, by permission*
JOSEPH KEENEY
Texas State Bar No. 24092616
Joseph.keeney@oag.texas.gov
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station

Austin, Texas 78711-2548<br>
PHONE: (512) 474-4084<br>
FAX: (512) 320-0667

**ATTORNEYS FOR DEFENDANT**
**LAMAR UNIVERSITY**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 25th day of April, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                               */s/ Stefanie M. Klein*
                               Stefanie Klein

**UNITED STATES DISTRICT COURT\* \* \* \* \* \* EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| AMANDA ALLISON | § | |
| | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:24-CV-505 |
| | § | |
| LAMAR UNIVERSITY, a member of the | § | |
| Texas State University System | § | |

## SCHEDULING ORDER

The following schedule shall be followed. All communications concerning the case shall be directed in writing to Julia Colyer, Court Administrator for Judge Crone, 300 Willow St., Suite 239, Beaumont, TX 77701. For urgent matters, Ms. Colyer may be contacted at (409) 654-2880.

1. July 31, 2025 — NEW PARTIES shall be joined by this date.

2. November 7, 2025 — The pleadings shall be AMENDED by this date.

3. January 31, 2026 — PLAINTIFF shall designate EXPERT WITNESSES in writing and provide expert reports by this date.

4. March 2, 2026 — DEFENDANT shall designate EXPERT WITNESSES in writing and provide expert reports by this date.

5. April 30, 2026 — DISCOVERY shall be completed by this date.

6. June 30, 2026 — MOTION CUT-OFF. Aside from motions in limine, no motion, including motions to exclude or limit expert testimony, shall be filed after this date except for good cause shown. Without leave of court, a party may file only one summary judgment motion.

   If no motions are pending at the time of the Motion Cut-Off deadline, the parties shall submit a JOINT STATUS REPORT by this date. The Status Report should state whether this matter will be ready for trial by the Final Status Conference deadline, as well as any other pertinent issues regarding these proceedings.

7. October 6, 2026 — The JOINT PRETRIAL ORDER, including motions in limine, deposition designations, and a proposed charge or proposed findings of fact and conclusions of law, shall be filed and proposed trial exhibits shall be exchanged on or before this date.

8. October 13, 2026 — OBJECTIONS TO proposed exhibits, witnesses, and depositions excerpts, as well as responses to motions in limine, shall be filed by this date.

9.  October 20, 2026          RESPONSES TO OBJECTIONS shall be filed by this date. A failure to file a response to an objection shall create a presumption in favor of the court's sustaining the objection.

10. November 6, 2026          FINAL STATUS CONFERENCE at 10:00 a.m. The case will be set for Final Pretrial Conference and Trial at the Final Status Conference. The parties should be prepared to the case by this date.

11. 4 days                    Estimated time to try before a jury.